## BONHAM *v.* FINKLE.

[No. 12,648. Filed May 20, 1927.]

CORPORATIONS.—*Answer pleading invalidity of note given in payment for corporate stock sold in violation of Securities Act of 1920 held insufficient.*—In an action on a promissory note executed March 10, 1921, an answer setting up the defense that it was given in payment for shares of stock in a corporation which had not complied with the act of 1920 (Acts 1920 p. 83) regulating the sale of securities in this state and that the stock, therefore, was sold without authority of law and the note given was without consideration and void, was insufficient on demurrer, as the transaction was not within the scope of the Securities Act.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Action by Jacob Finkle against Asa W. Bonham. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*C. K. Lucas, H. B. Spencer, Abram Simmons, Charles Dailey* and *V. M. Simmons,* for appellant.

*Fred H. Bowers, Milo Feightner, Lee M. Bowers, William H. Eichhorn, Frank Gordon, John Edris, Samuel Strickler* and *Foster Messick*, for appellee.

NICHOLS, J.—Action by appellee against appellant for the collection of a promissory note in the sum of $1,000, interest and attorney fees.

Appellant filed an answer in four paragraphs. Appellee's demurrer to the second, third and fourth paragraphs was overruled as to the second and fourth paragraphs and sustained as to the third paragraph.

Reply in denial to second and fourth paragraphs of answer. There was a jury trial which resulted in a verdict against appellant in the sum of $1,500. The court overruled appellant's motion for a new trial, and rendered judgment against appellant in the sum of $1,500, from which this appeal.

The error assigned and presented relates to the court's ruling in overruling the appellant's motion for a new trial.

Appellant by his second paragraph of answer admits the execution of the note sued on, but avers that it was given in payment of ten shares of the capital stock of the Finkle Milling Company, an Indiana corporation, and that appellee and said milling company did not, prior to such undertaking, nor at any other time, comply with the provisions of chapter 26, Acts 1920 (Spec. Sess.) p. 83, providing as to the sale of securities; that the secretary of state never issued a certificate to said company, nor to appellee, authorizing the sale of such stock, and that, therefore, the stock sold to appellant was so sold without authority of law, and the note in suit was without consideration and void, for the reason that the contract of sale was voidable, against public policy, prohibited by law, and that the sale thereof without compliance with the statute constituted a mis-

demeanor. The issues presented by this paragraph of answer were the only ones involved in the trial so far as presented.

It is apparent that the case was tried below, and that it has been briefed in this court by both appellant and appellee, in the light of the provisions of chapter 26, Acts of Special Session of 1920, *supra*, and without discovering that the act had been amended by chapter 122 of the Act of the Regular Session of 1921, Acts 1921 p. 240. An examination of that act discloses that it was passed with an emergency clause and that it was in force March 9, 1921, while the transaction here complained of was on March 10, 1921. Therefore, the sale complained of is governed by the provisions of the act of 1921, amending the former act.

It appears by the evidence that the stock which appellee was disposing of had been received by him in consideration of the transfer by him of a milling property, which he at the time owned, to the corporation, that such stock was owned by him, and that his disposal of the same was for his own account exclusively. Section 1 of the act of 1921, amending and supplanting §1 of the Act of the Special Session, provides that "every person, firm, corporation or association and every association organized or existing under the common law, who shall, *as issuer*, undertake, by advertisement, circular, prospectus, or through dealers, salesmen or agents, or by any other form of public, or general offering (including any kind of successive continued transactions of a similar nature) the sale of any securities in this state, not hereinafter excepted, shall, prior to such undertaking, file with the secretary of state, together with a filing fee, in the amount as hereinafter prescribed in this act, information in such form as may be required by the secretary of state, setting forth the following facts and such other facts as may be required

by the secretary of state to be filed:" (Our italics.) The facts to be set forth then follow as a part of this section.

It is to be observed that the act applied only to those persons who were issuers of securities. Section 7 of the act, amending section 9 of the Act of Special Session, defined an issuer as follows: "Any foreign or domestic investment company, as hereinbefore defined, or any association organized by virtue of the common law, or any individual now or hereafter engaged in the sale or disposition of stocks, stock certificates, bonds, debentures, collateral trust certificates or any other securities of any kind or character, issued by him, them or it, and not exempt in this act, to any person or persons in this state, through agents, dealers, salesmen or otherwise, shall be known and designated as an issuer."

It is clear from the evidence that appellee was not the issuer of the stocks that he was disposing of, but that he was disposing of only such stock as he owned, and as he had received as compensation for the milling property which he had transferred to the corporation.

Acts of the Special Session of 1920, having been amended and supplanted, so far as here involved, by the Act of the Regular Session of 1921, and the Act of 1921, by its definition of an "issuer," having excluded appellee from its requirements, it is clear that a right result was reached notwithstanding the fact that the case was tried upon the theory that an act which had been amended was then in force. It may be well to mention that the Act of 1921 has been supplanted by the act of 1925, Acts 1925 p. 82, §5006 et seq. Burns 1926.

Judgment affirmed.

McMahan, C. J., dissents.

Dausman, J., absent.